IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony M. Hudson,<br><br>        Petitioner,<br>v.<br><br>Warden Tonya James,<br><br>        Respondent. | C/A No. 4:25-2575-JFA-TER<br><br><br><br>**MEMORANDUM, OPINION, AND ORDER** |

## I.    INTRODUCTION

Petitioner Anthony M. Hudson, ("Petitioner"), proceeding pro se, brings this action for habeas corpus relief under 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review. Specifically, the Magistrate Judge performed an initial review of Respondent's Motion for Summary Judgment. (ECF No. 27).

After reviewing the Motion and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that Respondent's Motion for Summary Judgment should be granted. (ECF No. 37). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a full recitation. *Id.*

Petitioner filed objections to the Report, (ECF No. 37), to which Respondent filed a Reply. (ECF No. 44). Petitioner further filed a Sur Reply (ECF No. 46). Thus, this matter is ripe for review.

## II.    STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore a full recitation is unnecessary here. (ECF No. 37). However, a brief summary of the facts is necessary to address Petitioner's objections. In short, Petitioner is challenging his guilty plea to voluntary manslaughter and attempted armed robbery in South Carolina state court. *Id.* at 2. Petitioner was sentenced to twenty-eight years on the voluntary manslaughter and twenty years on the attempted armed robbery charge, to run concurrently. *Id.* Petitioner raises four issues in his petition: (1) ineffective assistance of counsel for failing to ensure his guilty plea was knowingly and intelligently made; (2) there is evidence that warrants a trial; (3) ineffective assistance of counsel for failing to investigate Petitioner's mental health; and (4) counsel was ineffective for failing to file a direct appeal after his plea hearing. (ECF No. 1).

3

The Report recommends Respondent's Motion for Summary Judgment as to grounds two and three be granted because they are procedurally barred as they were not raised in the *Johnson* petition or the *pro se* response to the *Johnson*[1] petition. (ECF No. 37, p. 12). As to ground one, the Report recommends granting Respondent's Motion because the Post Conviction Relief ("PCR") court did not misapply the law and found Petitioner failed to meet the first and second prongs of *Strickland v. Washington,* 466 U.S. 668 (1984). As to ground four, the Report recommends granting Respondent's Motion because the PCR court's determination did not result in an unreasonable application of *Hill v. Lockhart,* 474 U.S. 52 (1985) and *Strickland,* 466 U.S. 668, and was not based upon an unreasonable determination of facts in light of the state court record. (ECF No. 37).

In response to the Report, Petitioner made objections specific to each ground raised in his petition. (ECF Nos. 43 & 46). Each objection is addressed herein.

Objection Regarding Grounds Two and Three

The Report recommends Respondent's Motion be granted as to grounds two and three—with the exception of arguments regarding the effectiveness of plea counsel addressed in ground four—because they are procedurally barred as they were not raised in the *Johnson* petition or the *pro se* response to the *Johnson* petition. (ECF No. 37, p. 12). Petitioner's objections fail to address the Report's reasoning. (ECF Nos. 43 & 46). Rather than addressing the procedural bar, Petitioner's objections cite to Supreme Court case law to address the underlying merits of the procedurally barred grounds. *Id.* These cases and

---

[1] *Johnson v. State,* 294 S.C. 310, 364 S.E.2d 201 (1988).

Petitioner's contentions fail to address the procedural bar which was the basis of the Report's determination. Thus, Petitioner's objections fail to focus this Court's attention on factual and legal issues of consequence in the Report. After a thorough review of the Report, the applicable law, and the record in this case, the Court finds no clear error in the Report's recommendation for grounds two and three. Accordingly, Petitioner's objections to the Report's recommendation of dismissal as to grounds two and three are overruled.

Objection Regarding Ground One

The Report recommends Respondent's Motion be granted as to ground one because the PCR court did not misapply the law and found Petitioner failed to meet the first and second prongs of *Strickland*. (ECF No. 37, p. 19). The Report thoroughly and accurately explains the deference provided to state courts in reviewing a 28 U.S.C. § 2254 petition. *Id.* Importantly, a review of an ineffective assistance of counsel claim is not simply a review of the merits; rather, review is focused upon whether the state court decision was reasonable. *See* 28 U.S.C. §2254(d). In his objections, Petitioner attempts to reargue the merits of ground one already presented to the Magistrate Judge. Petitioner avers the Report's ruling is contrary to *Strickland* and the Sixth Amendment because "Petitioner's trial counsel ha[d] negotiated a plea arrangement of 10 or 15 years which was contrary to the sentence that Petitioner received during his guilty plea." (ECF No. 43, p. 1). He states he would not have entered his guilty plea that resulted in a 28-year sentence if not for counsel's performance. *Id.* Additionally, Petitioner contends the Report's recommendation is contrary to *Williams v. Taylor*, 529 U.S. 362 (2000) because "Petitioner's application

5

was denied which resulted or involved an unreasonable application of clearly established Federal Law . . ." *Id.*

The issue of whether Petitioner's counsel was ineffective for failing to ensure that his guilty plea was knowingly and intelligently made was raised and ruled upon by the PCR court at the evidentiary hearing, and raised in the *Johnson* appeal. The PCR court concluded "the [Petitioner's] guilty plea was knowingly, voluntarily, and intelligently entered into." (ECF No. 26-1). A review of the Report and the underlying state court records indicates that this determination is correct. While Petitioner may disagree with the state court and the Report's findings, these findings are supported by evidence within the record. The PCR court did not misapply the law in determining Petitioner failed to meet the prongs of *Strickland,* and the factual determinations reached by the PCR court are entitled to deference. Thus, the PCR court's determination was not contrary to or an unreasonable application of clearly established federal law; and did not result in an unreasonable determination of the facts § 2254(d)(1), (2). Accordingly, the Court agrees with the Report such that Respondent's Motion should be granted with respect to ground one.

Accordingly, Petitioner's objection with respect to ground one is overruled.

Objection Regarding Ground Four

The Report recommends Respondent's Motion as to ground four be granted because the PCR court's determination did not result in an unreasonable application of *Hill v.*

*Lockhart,* 474 U.S. 52 (1985) and *Strickland,* 466 U.S. 668, and was not based upon an unreasonable determination of facts in light of the state court record. (ECF No. 37). Petitioner alleges he asked his attorney to file an appeal and sent a letter to the State Court clerk asking why he did not receive any appeal paperwork after the sentencing even though he requested that his attorney file an appeal. (ECF No. 36). The issue was raised at the PCR hearing, and the PCR court concluded that plea counsel was credible in testifying that he did not recall Petitioner requesting he file an appeal and accordingly found "[Petitioner] ha[d] failed to establish any deficiency by Plea Counsel or any prejudice flowing therefrom." (ECF No. 22-1).

    The Report thoroughly and accurately summarizes the duty imposed on counsel to consult with a defendant concerning whether an appeal is to be made. (ECF No. 37, pgs. 27-29). In his objections, Petitioner reargues the merits of his petition, alleging that his counsel was deficient under the prongs of *Strickland*, and findings in the Report and state courts resulted in an unreasonable application of federal law in dismissing his fourth ground. (ECF No. 43, p. 3).

    As explained in the Report, the PCR court—after conducting an evidentiary hearing—found counsel's testimony, that he was not asked to file an appeal, credible. (ECF No. 37, p. 31). The PCR court's factual determinations regarding credibility are entitled to deference in this action. A review of the Report and the underlying state court records reveals the PCR court's determination did not result in an unreasonable application of *Hill*

7

and *Strickland,* and was not based upon an unreasonable determination of the facts. Petitioner's objections fail to present a substantive challenge to this determination.

Accordingly, Petitioner's objection regarding the Report's recommendation as to ground four is overruled.

### IV.   CONCLUSION

After carefully reviewing the appliable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 37). Moreover, the Motion for Summary Judgment (ECF No. 27) is granted, and the petition is dismissed.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

January 7, 2026                              Joseph F. Anderson, Jr.
Columbia, South Carolina             United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."